**IVEY–DALE–OWEN CO. OF ARIZONA et al. v. WORTHINGTON CO., Inc.**

Circuit Court of Appeals, Fifth Circuit. November 24, 1928.

No. 5452.

Paul D. Thomas, of El Paso, Tex. (William Flournoy, of El Paso, Tex., on the brief), for appellants.

Eugene T. Edwards, of El Paso, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee sued appellants on a note given in part payment of the contract price of two 300 h. p. Diesel engines. Appellants pleaded that the contract of sale contained a warranty that the engines would develop 300-horse power when operated with fuel oil not heavier in gravity test than 16 degrees Baumé, and alleged a breach of warranty, in that the engines could not be operated successfully except with fuel oil that was lighter in gravity than 16 degrees Baumé and more expensive, and sought to set off the difference in value between engines capable of operating on heavier and cheaper oil and the same engines which could be operated only on lighter and more expensive oil. At the conclusion of the evidence, the trial court refused to submit a charge requested by appellants based on this plea, and the jury returned a verdict for appellee for the full amount of the note.

The contract did not contain the warranty relied on, and specifically stated that provisions in the specifications thereto attached were descriptive, and not intended as warranties.

Among the descriptive provisions of the specifications, under the heading of "General Data," is one which reads:

"Fuel: Any oil produced in the United States or Mexico, or its equivalent. No oil shall be heavier than 16 Baumé. When oil must be heated or filtered, requisite equipment to be supplied by customer, or will be furnished by Worthington at an additional price."

The assignments of error are based upon the refusal of the court to submit requested charges bearing upon the failure of the engines to operate on fuel oil of a gravity not heavier than 16 degrees Baumé, and upon the measure of damages claimed in the plea of set-off.

The above-quoted provision in regard to fuel is the only one cited by appellants to show breach of warranty. That provision appears only in the specifications, which, under the express language of the contract, were not to be construed as a warranty. Moreover, that provision is merely advisory, and does not anywhere state that oil having a gravity test of 16 degrees Baumé could be successfully used. It only warns against use of oil of a heavier grade. This specification clearly contemplates that it might be advisable to use a lighter oil. The concluding suggestion is that it might be necessary to heat the oil either by equipment supplied by appellants or furnished by appellee. It follows that there was no warranty as to the gravity of oil either in the contract or in the specifications.

This being so, there was no basis in the testimony for the submission to the jury of questions which might have been material, if a warranty had been disclosed by the evidence. The court correctly refused to give the charges requested, because they were not based upon any evidence adduced at the trial.

The judgment is affirmed.